## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TOMEISHA EALY | * |
| 88 Union Avenue | * |
| Memphis, Tennessee 38103 | * |
| | * |
| ***On Behalf of Herself and All*** | * |
| ***Other Similarly Situated Individuals*** | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | *   Case No.: |
| | * |
| SOURCE INVESTMENT GROUP, INC. | * |
| D/B/A CANDYLAND GENTLEMEN'S CLUB | * |
| 2947 Lamar Avenue | * |
| Memphis, Tennessee 38114 | * |
| | * |
| SERVE:  Source Investment Group, Inc. | * |
| 2947 Lamar Avenue | * |
| Memphis, Tennessee 3814 | * |
| | * |
| And | * |
| | * |
| LAURENCE CARPENTER | * |
| 2947 Lamar Avenue | * |
| Memphis, Tennessee 38114 | * |
| | * |
| DEFENDANTS. | * |

**************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiff Tomeisha Ealy ("Plaintiff"), by and through her undersigned counsel, on behalf of herself and all other similarly situated individuals, hereby brings this Collective Action Complaint against the Defendants Source Investment Group, Inc. d/b/a Candyland Gentlemen's Club ("Candyland") and Laurence Carpenter, individually ("Carpenter") (together, "Defendants"), and for grounds states as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of Memphis, Tennessee.

2.      Candyland is a corporation formed under the laws of Tennessee with its principal place of business in Memphis, Tennessee and its principal business being the operation of an

exotic dance club featuring female exotic dancers known as Candyland Gentlemen's Club located at 2947 Lamar Avenue Memphis, Tennessee 38118.

3.      At all times relevant to this action, Carpenter, individually, was the owner and primary and controlling officer of the Candyland Gentlemen's Club located at 2947 Lamar Avenue Memphis, Tennessee 38118.  In this capacity, Carpenter, individually, was primarily responsible for all aspects of the business operations and daily operations of Candyland Gentlemen's Club.  In so doing, Carpenter, individually, set and had the power to enforce all rules, guidelines, policies, and practices within the Candyland Gentlemen's Club.  Carpenter, individually, decided to classify Plaintiff and other exotic dancers at the Candyland Gentlemen's Club as independent contractors rather than employees and pay them no wages.  Further, at all times, Carpenter, individually, had the power to hire, fire, suspend, discipline, or otherwise change or affect the employment terms and conditions for Plaintiff and other exotic dancers at Candyland Gentlemen's Club.

4.      During the period relevant to this action (July 2016 through the date of judgment, hereinafter "the relevant period"), Defendants individually and jointly and severally qualified as the employers or joint employers for Plaintiff all other exotic dancers at the club, within the meaning of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

5.      During the relevant period, Defendants had gross revenue and sales exceeding $500,000.00, sold beer, wine, spiritous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

6.      By acting as the named Plaintiff in this action, Plaintiff does hereby affirm her consent to participate as a plaintiff in a collective action seeking relief under the FLSA.

7.      This Court has personal jurisdiction of the Defendants, has subject matter

jurisdiction of the claims pursuant to 28 U.S.C. § 1331, constitutes proper venue pursuant to 28

U.S.C. § 1391.

## FACTS

8.      During the period of about 2013 through 2018, Plaintiff was employed by

Defendants as an exotic dancer at Defendants' Candyland Gentlemen's Club in Memphis,

Tennessee.

9.      During the period of Plaintiff's employment, the number of shifts Plaintiff

worked varied from week to week.

10.      During the period of Plaintiff's employment, the exact number of hours Plaintiff

worked varied from week to week.

11.      On information and belief, Defendants have possession of time and/or sign in

"house fee" payment records for Plaintiff and all other exotic dancers employed by Defendants

during the relevant period.

12.      At all times, Defendants had actual knowledge of all hours Plaintiff and all other

exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers

monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at

the club.

13.      At no time during Plaintiff's period of employment did Defendants ever pay

Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers

worked each week.

14.      At all times relevant, Defendants totally failed to pay wages to Plaintiff and all

other exotic dancers for work duties performed.

15.      At all times relevant, Defendants misclassified Plaintiff and all other exotic

dancers at Candyland Gentlemen's Club as independent contractors and not as employees.

16.     At all times, Defendants controlled all aspects of the job duties Plaintiff and all other exotic dancers performed inside the Candyland Gentlemen's Club through employment rules and workplace policies.

17.     At all times, Defendants controlled the method by which Plaintiff and all other exotic dancers could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

18.     At all times, Plaintiff and other exotic dancers were required to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

19.     At all times, Defendants hired Plaintiff and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

20.     At all times, Defendants, through Carpenter and other supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

21.     At all times, Defendants conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at Defendants' sole discretion, could deny Plaintiff or any other dancer access or ability to dance and/or work at the Candyland Gentlemen's Club.

22.     At all times, Defendants had the right to suspend or send Plaintiff or other exotic dancers home and away from the club if Plaintiff or other dancers violated rules or policies or if Defendants, at their discretion, did not want Plaintiff or any other dancer at the club.

23.     As a condition of employment with Defendants, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

24.     At all times relevant, Defendants were in the business of operating a night club featuring exotic dancers and at all times it was the job duty of Plaintiff and each other exotic dancer to perform as exotic dancers for Defendant's customers.

25.     In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Defendants required Plaintiff and all other exotic dancers to pay Defendants a house fee or kickback of $25.00-$50.00or more for each shift Plaintiff and the other exotic dancers worked.

26.     At all times during the relevant period, without legal excuse or justification, Defendants regularly and customarily kept and/or assigned to management tips and gratuities Plaintiff and other exotic dancers received from customers.

27.     For at least the past ten (10) years, gentlemen's clubs like the Candyland Gentlemen's Club have been sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA.

28.     On information and belief, Defendants, and club ownership and management, had actual or constructive knowledge that for at least the past ten (10) years, there has been ongoing or past litigation by exotic dancers against gentlemen's clubs like the Candyland Gentlemen's Club in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA.

29.     On information and belief, Defendants, and club ownership and management, had actual or constructive knowledge that for at least the past ten (10) years, courts across the country in ongoing or past litigation have found that exotic dancers like Plaintiff and other exotic dancers at the Candyland Gentlemen's Club were employees and not independent contractors and were owed minimum wage compensation under the FLSA.

30.     For the entire time period relevant to this action, Defendants have had actual or

constructive knowledge that it misclassified Plaintiff and other exotic dancers at the Candyland
Gentlemen's Club as independent contractors instead of as employees and that Defendants'
failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was
in direct violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff is pursuing this lawsuit on behalf of themselves and all other similarly
situated individuals who performed work duties as exotic dancers for Defendants at Defendants'
Candyland Gentlemen's Club during the period July 2016 through the final judgment of this
case.

32.     Plaintiff and other current and former exotic dancers employed by Defendants at
the Candyland Gentlemen's Club are similarly situated because each were (1) improperly
classified as independent contractors; (2) were not paid any wages by Defendants for hours
worked; (3) were victims of tip theft whereby Defendants kept and/or assigned to management
their tips and gratuities received from customers; (4) were required to pay per-shift house fee
kickback to Defendants for each shift worked; and (5) were not paid wages at or above the
Federal Minimum Wage of $7.25 for each hour worked.

33.     Plaintiff is substantially similar to other current and former exotic dancers
employed by Defendants because all other exotic dancers and Plaintiff are owed (1) a return of
all house fee kickback payments made to Defendants for each shift worked; (2) reimbursement
of all tips and gratuities taken and/or assigned by Defendants and/or Defendants' management;
(3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per
hour; plus (4) statutory liquidated damages as provided by Federal law for Defendants' failure to
pay minimum wage compensation as required by the FLSA.

34.     On information and belief, Defendants have employed at least fifty (50) current

and former exotic dancers at Defendants' Candyland Gentlemen's Club in the past three (3) years.

35.     On information and belief, Defendants are in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendants at Defendants' Candyland Gentlemen's Club in the past three (3) years.

## CAUSE OF ACTION
## Violation of Federal Fair Labor Standards Act

36.     Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

37.     The FLSA required Defendants to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

38.     The FLSA required that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

39.     As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

40.     Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

41.     Defendants' failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A.  Permitting this case to proceed as a collective action under § 216(b) of the FLSA

and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B.  Judgment against Defendants, jointly and severally, for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

C.  Judgment against Defendants, jointly and severally, for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals;

D.  Judgment that Defendants' violations of the FLSA minimum wage requirements not the product of good faith on the part of Defendants;

E.  Judgment that Defendants' violations of the FLSA minimum wage requirements were willful;

F.  An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

G.  An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendants and/or Defendants' management;

H.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

I.  An award of attorneys' fees and costs to be determined by post-trial petition;

J.  Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

K.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: July 11, 2019                   ___s/ Bailey H. Dorsey_____
                                       Alan G. Crone, TN Bar No. 014285
                                       Laura Bailey, TN Bar No. 027078
                                       Bailey Dorsey, TN Bare No. 033664
                                       The Crone Law Firm, PLC
                                       88 Union Avenue, 14th Floor
                                       Memphis, Tennessee 38103
                                       (844) 445-2387 (ph)
                                       Email: acrone@cronelawfirmplc.com
                                              lbailey@cronelawfirmplc.com
                                              bdorsey@cronelawfirmplc.com

                                       Gregg C. Greenberg, MD Fed. Bar No. 17291
                                       (To be Admitted Pro Hac Vice)
                                       Zipin, Amster & Greenberg, LLC
                                       8757 Georgia Avenue, Suite 400
                                       Silver Spring, Maryland 20910
                                       (301) 587-9373 (ph)
                                       Email:  GGreenberg@ZAGFirm.com

                                       *Counsel for Plaintiff and the FLSA Collective*